IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No: 1:18-cr-83 (TSE) |
| v. ) | |
| ) | |
| RICHARD W. GATES III, ) | |
| ) | |
| Defendant. ) | |

### GOVERNMENT'S UNOPPOSED MOTION TO DISMISS CHARGES AGAINST DEFENDANT RICHARD W. GATES III WITHOUT PREJUDICE

The United States, by and through undersigned counsel, and pursuant to Federal Rule of Criminal Procedure 48(a), moves to dismiss without prejudice the charges against defendant Richard W. Gates III (Gates) in the Superseding Indictment returned on February 22, 2018. In support of its motion, the government avers as follows:

1. On February 22, 2018, a grand jury sitting in the Eastern District of Virginia returned a 32-count Superseding Indictment against Paul J. Manafort, Jr. and Gates in the above-captioned case. Gates is charged in Counts 5 through 10 and 15 through 32 of the Superseding Indictment, which allege (respectively) that he committed the crimes of tax fraud, failure to file foreign bank account reports, bank fraud, and bank fraud conspiracy.

2. On February 23, 2018, Gates pled guilty, pursuant to a plea agreement, to a two-count Superseding Criminal Information in the United States District Court for the District of Columbia charging him with conspiracy to defraud the United States and commit multiple federal offenses, in violation of 18 U.S.C. § 371; and making a false statement in a matter within the jurisdiction of the executive branch, in violation of 18 U.S.C. § 1001. *See* Superseding Criminal Information, No. 1:17-cr-201-ABJ (D.D.C.) (ECF #195) (attached as Exhibit A). Gates had previously been charged in that district along with Manafort. *See* Indictment, No.

1

1:17-cr-201-ABJ (D.D.C.) (ECF #1).*   Under the terms of the plea agreement, the government agreed that it would "move promptly to dismiss without prejudice the charges brought against [Gates] in the Eastern District of Virginia and [Gates] waives venue as to such charges in the event he breaches this Agreement."   Plea Agr. at 2, No. 1:17-cr-201-ABJ (D.D.C.) (ECF #205) (attached as Exhibit B).

3. In accordance with the terms of the plea agreement in the District of Columbia case, and pursuant to Federal Rule of Criminal Procedure 48(a), the government now moves to dismiss without prejudice the charges in the Superseding Indictment against Gates—that is, the charges against him in Counts 5 through 10 and 15 through 32.   Rule 48(a) provides that "[t]he government may, with leave of court, dismiss an indictment, information, or complaint."   The leave-of-court requirement confers only highly limited discretion to deny a government motion under Rule 48(a).   *See United States v. Goodson*, 204 F.3d 508, 512 (4th Cir. 2000).   "Indeed, the court must grant the government's Rule 48(a) motion unless the court concludes that to grant it would be clearly contrary to manifest public interest, determined by whether the prosecutor's motion to dismiss was made in bad faith."   *Id.*   Examples of bad faith have been circumscribed to 'include the prosecutor's acceptance of a bribe, personal dislike of the victim, and dissatisfaction with the jury impaneled.'"   *Rice v. Rivera*, 617 F.3d 802, 811 (4th Cir. 2010)

---

* The Special Counsel's Office proceeded before the Grand Jury in the Eastern District of Virginia because, based on available evidence, venue for the charges at issue did not exist in the District of Columbia, where the defendant was previously charged.   Before instituting this criminal action, the Special Counsel's Office met with counsel for defendants Manafort and Gates to go over the proof underlying the bank fraud charges (the tax and other charges were already the subject of a prosecution before the United States District Court for the District of Columbia).   The Special Counsel's Office alerted defense counsel that the government was prepared to bring all of the charges before a Grand Jury in the District of Columbia, if the defendants were willing to waive venue (since otherwise the government could not do so legally).   If venue had been waived, the defendants would have faced a single indictment in one district, and not two indictments in adjacent districts.   One defendant elected, as is his right, not to waive venue.   The Special Counsel's Office accordingly proceeded in the Eastern District of Virginia.

(quoting *United States v. Smith*, 55 F.3d 157, 159 (4th Cir. 1995)).

4.     Here, dismissal of the charges against Gates is not "clearly contrary to manifest public interest." *See Goodson*, 204 F.3d at 512.   As explained, the government is moving to dismiss pursuant to a plea agreement that provides for that action in connection with the resolution of the criminal charges against Gates in the District of Columbia, the forum in which he was first indicted and his plea was accepted by the Court.   Consistent with the default approach under Rule 48(a), the government requests dismissal without prejudce, which would allow for reinstatement of charges in the circumstances contemplated by the plea agreement. *See, e.g., United States v. Chase*, 372 F.2d 453, 463 (4th Cir. 1967) (stating that a Rule 48(a) "dismissal is without prejudice"); 3B Wright & Leipold, *Federal Practice & Procedure Crim.* § 801 (4th ed. 2017) ("A dismissal properly taken under Rule 48(a) is without prejudice[.]").

For the foregoing reasons, the United States respectfully requests that the charges in Counts 5 through 10 and 15 through 32 of the Superseding Indictment be dismissed without prejudice as to Gates.   On February 26, 2018, counsel for Gates informed the undersigned government attorneys that Gates consents to the relief requested in this motion.

    Respectfully submitted,

    ROBERT S. MUELLER III
    Special Counsel

Dated:  February __, 2018    By: _____
    Andrew Weissmann
    Greg D. Andres
    Kyle R. Freeny
    Senior/Assistant Special Counsel
    Special Assistant United States Attorney
    950 Pennsylvania Ave NW
    Washington, D.C. 20008
    Telephone: (202) 616-0800
    *Attorneys for the United States of America*