**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **v.** | |
| **PAUL J. MANAFORT, Jr.,** | **1:18-cr-83 (TSE) (S-1)** |
| **Defendant.** | |

## STATUS REPORT

The United States of America, by and through Special Counsel Robert S. Mueller, III, submits this status report in advance of the upcoming arraignment of the defendant, Paul J. Manafort, Jr., scheduled for Friday, March 2, 2018, at 1:30 p.m.  In particular, the Special Counsel details for the Court: (A) the specific charges in this matter; (B) the charges pending against the defendant in the United States District Court for the District of Columbia pursuant to an indictment first returned on October 27, 2017; (C) the defendant's bail status in the District of Columbia prosecution; and (D) the status of discovery both here and in the District of Columbia.  The case against Manafort in the District of Columbia, *United States v. Manafort*, 17-cr-201 (ABJ), is pending before the Honorable Amy Berman Jackson.  The indictments in the two districts overlap factually as to the tax and FBAR allegations.  Specifically, in the District of Columbia, Manafort is charged with a conspiracy to defraud the Department of Treasury and to fail to file FBAR reports with that Department.  In the Eastern District of Virginia, the defendant is charged with substantive offenses of tax fraud and the failure to file FBAR reports (as to which there is not venue in the District of Columbia).  The FARA charges are unique to the District of Columbia and the bank fraud charges are unique to this district.

### A. Eastern District of Virginia Charges
### United States v. Manafort, 1:18 Cr. 83 (TSE)(S-1)

As outlined in the Superseding Indictment in this case, the criminal charges against the defendant relate to: (1) his failure to declare substantial income and the existence of his foreign accounts for the years 2010 through 2014, and (2) his efforts, from approximately 2015 to 2017 to secure more than $25 million in loans from a variety of financial institutions based on false and fraudulent statements.  Specifically, on February 22, 2018, a grand jury in this district returned a 32-count superseding indictment against Manafort and Richard W. Gates III,[1] which charged the following:

| Count | Charge | Defendant |
|---|---|---|
| 1 | Subscribing to False U.S. Individual Income Tax Returns (2010) (26 U.S.C. § 7206(1); 18 U.S.C. § 2) | Manafort |
| 2 | Subscribing to False U.S. Individual Income Tax Returns (2011) (26 U.S.C. § 7206(1); 18 U.S.C. § 2) | Manafort |
| 3 | Subscribing to False U.S. Individual Income Tax Returns (2012) (26 U.S.C. § 7206(1); 18 U.S.C. § 2) | Manafort |
| 4 | Subscribing to False U.S. Individual Income Tax Returns (2013) (26 U.S.C. § 7206(1); 18 U.S.C. § 2) | Manafort |
| 5 | Subscribing to False U.S. Individual Income Tax Returns (2014) (26 U.S.C. § 7206(1); 18 U.S.C. § 2) | Manafort |
| 6 | Assisting in the Preparation of False U.S. Individual Income (2010) (26 U.S.C. § 7206(2)) | Gates |
| 7 | Assisting in the Preparation of False U.S. Individual Income (2011) (26 U.S.C. § 7206(2)) | Gates |
| 8 | Assisting in the Preparation of False U.S. Individual Income | Gates |

---

[1] On February 27, 2018, the Special Counsel's Office moved pursuant to Federal Rule of Criminal Procedure 48(a) to dismiss without prejudice all charges in this matter against defendant Gates.  *See* ECF # 16.  On February 23, 2018, Gates pled guilty, pursuant to a cooperation agreement, to a two-count Superseding Criminal Information before Judge Jackson in the District of Columbia charging him with conspiracy to defraud the United States and to commit multiple federal offenses, in violation of 18 U.S.C. § 371; and making a false statement in a matter within the jurisdiction of the executive branch, in violation of 18 U.S.C. § 1001.  Gates had previously been charged in that district along with Manafort.  Under the terms of the cooperation agreement, the government agreed that it would "move promptly to dismiss without prejudice the charges brought against [Gates] in the Eastern District of Virginia and [Gates] waives venue as to such charges in the event he breaches this Agreement."  Cooperation Agr. at 2, No. 1:17-cr-201-ABJ (D.D.C.) (ECF #205).

| Count | Charge | Defendant |
|-------|--------|-----------|
| | (2012) (26 U.S.C. § 7206(2)) | |
| 9 | Assisting in the Preparation of False U.S. Individual Income (2013) (26 U.S.C. § 7206(2)) | Gates |
| 10 | Assisting in the Preparation of False U.S. Individual Income (2014) (26 U.S.C. § 7206(2)) | Gates |
| 11 | Failure To File Reports Of Foreign Bank/Financial Accounts (2011)(31 U.S.C. §§ 5314 and 5322(a); 18 U.S.C. § 2) | Manafort |
| 12 | Failure To File Reports Of Foreign Bank/Financial Accounts (2012)(31 U.S.C. §§ 5314 and 5322(a); 18 U.S.C. § 2) | Manafort |
| 13 | Failure To File Reports Of Foreign Bank/ Financial Accounts (2013)(31 U.S.C. §§ 5314 and 5322(a); 18 U.S.C. § 2) | Manafort |
| 14 | Failure To File Reports Of Foreign Bank/Financial Accounts (2014)(31 U.S.C. §§ 5314 and 5322(a); 18 U.S.C. § 2) | Manafort |
| 15 | Subscribing to False U.S. Individual Income Tax Returns (2010) (26 U.S.C. § 7206(1); 18 U.S.C. § 2) | Gates |
| 16 | Subscribing to False U.S. Individual Income Tax Returns (2011) (26 U.S.C. § 7206(1); 18 U.S.C. § 2) | Gates |
| 17 | Subscribing to False U.S. Individual Income Tax Returns (2012) (26 U.S.C. § 7206(1); 18 U.S.C. § 2) | Gates |
| 18 | Subscribing to False U.S. Individual Income Tax Returns (2013) (26 U.S.C. § 7206(1); 18 U.S.C. § 2) | Gates |
| 19 | Subscribing to False U.S. Individual Income Tax Returns (2014) (26 U.S.C. § 7206(1); 18 U.S.C. § 2) | Gates |
| 20 | Subscribing to a False Amended U.S. Individual Income Tax Return (2013) (26 U.S.C. § 7206(1); 18 U.S.C. § 2) | Gates |
| 21 | Failure To File Reports Of Foreign Bank/ Financial Accounts (2011)(31 U.S.C. §§ 5314 and 5322(a); 18 U.S.C. § 2) | Gates |
| 22 | Failure To File Reports Of Foreign Bank/Financial Accounts (2012) (31 U.S.C. §§ 5314 and 5322(a); 18 U.S.C. § 2) | Gates |
| 23 | Failure To File Reports Of Foreign Bank/Financial Accounts (2013)(31 U.S.C. §§ 5314 and 5322(a); 18 U.S.C. § 2) | Gates |
| 24 | Bank Fraud Conspiracy (Lender B/$3.4 million loan) (18 U.S.C. § 1349) | Manafort Gates |
| 25 | Bank Fraud (Lender B/$3.4 million loan) (18 U.S.C. §§ 1344, 2) | Manafort Gates |
| 26 | Bank Fraud Conspiracy (Lender C / $1 million loan) (18 U.S.C. § 1349) | Manafort Gates |
| 27 | Bank Fraud (Lender C / $1 million loan) (18 U.S.C. § 1344, 2) | Manafort Gates |
| 28 | Bank Fraud Conspiracy (Lender B / $5.5 million loan) (18 U.S.C. § 1349) | Manafort Gates |
| 29 | Bank Fraud Conspiracy (Lender D / $9.5 million loan (18 U.S.C. § 1349) | Manafort Gates |
| 30 | Bank Fraud (Lender D / $9.5 million loan) (18 U.S.C. §§ 1344, 2) | Manafort Gates |

| Count | Charge | Defendant |
|---|---|---|
| 31 | Bank Fraud Conspiracy (Lender D / $6.5 million loan) (18 U.S.C. § 1349) | Manafort Gates |
| 32 | Bank Fraud (Lender D / $6.5 million loan) (18 U.S.C. §§ 1344, 2) | Manafort Gates |

Prior to seeking charges in the Eastern District of Virginia, the Special Counsel's Office alerted Manafort's counsel that venue for the proposed charges lie in the Eastern District of Virginia, and that should the defendant agree to waive venue, the Special Counsel would seek to bring all the charges in the District of Columbia so that the defendant would face a single trial on a single indictment. Manafort elected, as is his right, not to waive venue and, accordingly, the Special Counsel's Office has proceeded in the Eastern District of Virginia.

In total, Manafort faces the following statutory punishments:

- for the five counts of subscribing to false United States Individual Income Tax Returns, a statutory maximum sentence of three years' imprisonment on each count;

- for the four counts of failing to file a Report of Foreign Bank and Financial Accounts (FBAR), a statutory maximum sentence of five years' imprisonment on each count; and

- for the nine counts of bank fraud and bank fraud conspiracy, a maximum sentence of 30 years' imprisonment on each count.

Based on the tax fraud charges alone, the government estimates that the defendant's advisory sentencing guideline range would be 97 to 121 months' imprisonment, based on an offense level of 30 and criminal history category of I.[2]

---

[2] Additionally, because the defendant obtained more than $1 million from four of the five bank fraud schemes, he would be subject to an offense level of at least 24 on the bank fraud charges (even assuming no gain or loss) pursuant to U.S.S.G. § 2B1.1(b)(16)(A), and thus an advisory range of 51 to 63 months' imprisonment.

4

**B. District of Columbia Charges:**
   **United States v. Manafort, 17-cr-201 (ABJ) (S-3)**

The charges in the District of Columbia concern Manafort's acting as an unregistered agent of a foreign government, money laundering, making of false statements, as well as a multi-object conspiracy involving tax charges, among others.

The defendant was notified of his Indictment in the District of Columbia on October 29, 2017, and permitted to surrender to the Federal Bureau of Investigation on October 30, 2017.  He was arraigned that same day, and released subject to various bail conditions, including home detention and electronic monitoring.

On Friday, February 23, 2018, a grand jury sitting in the District of Columbia, returned a Superseding Indictment against Manafort, charging him with the following crimes:

| Count | Charge | Defendant |
|---|---|---|
| 1 | Conspiracy Against the United States (18 U.S.C. § 371) | Manafort |
| 2 | Conspiracy to Launder Money (18 U.S.C. § 1956(h)) | Manafort |
| 3 | Failure to Register as an Agent of A Foreign Principal (22 U.S.C. §§ 612(a) and 618(a)(1); 18 U.S.C. § 2) | Manafort |
| 4 | False and Misleading FARA Statements (22 U.S.C. §§ 612, 618(a)(2); 18 U.S.C. § 2) | Manafort |
| 5 | False Statements (18 U.S.C. §§ 2, 1001(a)) | Manafort |

With respect to each of these counts, Manafort faces the following statutory punishment:

- for the Count One conspiracy, the Count Three and Four FARA crimes and the Count Five false statement count, a statutory maximum sentence of five years' imprisonment; and

- for the Count Two money laundering conspiracy, a statutory maximum penalty of 20 years' imprisonment

The government initially calculated the defendant's offense level under the Sentencing Guidelines, without considering relevant conduct, to be at least a level 34, which corresponds to an advisory

guideline ranges of 151 to 188 months imprisonment.[3]  Based on the Superseding Indictment filed

last week and in particular an increase in the amount of money laundered as part of the charged

conspiracy in Count Two, the defendant's offense level now would be at least a level 36, which

corresponds to an advisory guideline ranges of 188 to 235 months imprisonment.

A copy of the Superseding Indictment in the District of Columbia prosecution is attached

as Exhibit A.

Finally, upon motion of the government, and with the defendant's consent, Judge Jackson

deemed the District of Columbia prosecution a complex case pursuant to the Speedy Trial Act, 18

U.S.C. § 3161(h)(7)(A) and (B)(ii).

At a status conference held on February 28, 2018, Judge Jackson set a trial date of

September 17, 2018.

## C. **Defendant Manafort's Bail Status**

In the District of Columbia prosecution, the government has argued, orally and in writing,

that Manafort constitutes a risk of flight in light of the serious nature of the charges, his history of

deceptive and misleading conduct, the potentially significant sentence he faces in that matter, the

strong evidence of guilt, his significant financial resources, and his foreign connections.  A copy

of the government's October 31, 2017 memorandum setting forth its risk-of-flight argument is

attached as Exhibit B.

---

[3] The government arrived at this calculation under the money laundering guideline, U.S.S.G. § 2S1.1, as follows: a base level of 8 under § 2S1.1(a)(2), increased by 20 levels pursuant to § 2B1.1(b)(1)(K) because the value of the laundered funds exceeds $9,500,000; and with the following enhancements: plus 2 pursuant to § 2S1.1(b)(2) (if convicted under 18 U.S.C. § 1956), and plus 2 for sophisticated laundering (pursuant to § 2S1.1(b)(3)), for a total offense level of 32. An additional two-level enhancement for a managerial role would apply for Manafort, pursuant to § 3B1.1(c).

At the initial appearance, the parties agreed that the defendant would be released on a personal recognizance bond valued at $10 million and placed on home detention (the electronic monitoring was a condition of the Court), with the expectation that he would return to Court shortly with a comprehensive bail package.

After a series of arguments and briefing, on December 15, 2017, Judge Jackson made various findings regarding bail and ordered the following conditions:  that a combination of property and sureties be required to satisfy the $10 million bond value and that, if they did so, the defendant would be released from home detention, subject to electronic monitoring and various travel restrictions.  *See* Dec. 15, 2017 Order, 1:17-cr-201 (ABJ) (ECF #95).  A copy of Judge Jackson's bail order is attached as Exhibit C.  To date, these conditions have not been satisfied, and others that have been subsequently proposed as an alternative have not been accepted by the Court.  Accordingly, the defendant remains on home detention and subject to electronic monitoring pursuant to the $10 million recognizance bond.

### D.  Scheduling, Discovery and Related Matters

On February 27, 2018, the Special Counsel's Office forwarded to defense counsel a copy of the standard discovery order for the Eastern District of Virginia and a proposed protective order relating to discovery (the same one that has been entered in the District of Columbia by Judge Jackson).   In addition, we believe that almost all of the relevant discovery in this matter in our possession has already been produced in the course of the District of Columbia prosecution.  The government made its first production on November 17, 2017, which included: (1) foreign bank account records for the accounts in Cyprus and Saint Vincent & the Grenadines; (2) domestic financial records; and (3) documents from Manafort's tax preparer that were identified by the government as particularly relevant.  In ensuing ten productions, the government has produced a range of emails, financial documents and other records, as well as materials obtained from a number of different devices

and media.[4]  As of February 28, 2018, the government had made eleven separate discovery productions to the defendant.  In addition, the government also has produced for the defendant documents that it identified as "hot."

Respectfully submitted,

ROBERT S. MUELLER, III
Special Counsel

Dated: February 28, 2018                    By:

Andrew Weissmann
Greg D. Andres
Kyle R. Freeny
Special Assistant United States Attorneys
Senior/Assistant Special Counsels
U.S. Department of Justice
Special Counsel's Office
950 Pennsylvania Avenue NW
Washington, DC 20530
Telephone: (202) 616-0800

*Attorneys for the United States of America*

---

[4] The government seized numerous media and devices during a court-authorized search of one of Manafort's residences in July 2017.  To extent these media and devices were accessible to the FBI, the government made copies of the seized electronic evidence available to the defense prior to the charges brought against Manafort in October 2017.