# EXHIBIT C

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
UNITED STATES OF AMERICA,           )
                                    )
    v.                              )
                                    )   Crim. Action No. 17-0201-1 (ABJ)
PAUL J. MANAFORT, JR.               )
                                    )
                                    )
         Defendant.                 )
_____)

### ORDER

Defendant Manafort's Motion to Modify Conditions of Release, [Dkt. # 66]; *see also* [Dkt. # 32], is hereby granted in part and denied in part.[1]  Defendant has agreed to forfeit $10,000,000.00 if he fails to appear for Court proceedings, or to surrender to serve any sentence that the Court may impose if he is convicted, and he has agreed to secure that promise with real property of sufficient value to satisfy the forfeiture amount.  He has also proffered sureties who have agreed to pay the amount to be forfeited if he fails to appear.  Given that combination of assurances, the Court will release him from his current condition of home confinement.  However, the Court will not agree to all of the other terms and conditions proposed in defendant's motion.

On November 6, 2017, the Court found, for the reasons stated on the record at a hearing held on that date, that release on personal recognizance with an unsecured appearance bond will not reasonably assure the appearance of the defendant as required.  Under those circumstances, pursuant to the Bail Reform Act, 18 U.S.C. § 3142(c), the Court is required to order his pretrial release:

> (A) subject to the condition that [he] not commit a Federal, State, or local crime . . . and

---

1   In light of the Court's ruling on defendant's motion [Dkt. # 66], the motion to modify his conditions of release [Dkt. # 32] is denied as MOOT.

1

      (B) subject to the least restrictive further condition, or combination of conditions, that [it] determines will reasonably assure [his] appearance.

18 U.S.C. § 3142(c)(1)(A)–(B).

The Court finds that home confinement is not the least restrictive condition that will accomplish that goal. Therefore, pursuant to section 3142(c)(1)(B), defendant will be released under the following conditions that the Court has determined are necessary:

  (A) Defendant must not commit any federal, state, or local crime.

  (B) Pursuant to section 3142(c)(1)(B)(xi), defendant must execute an agreement to forfeit the following properties upon failing to appear as required:

      174 Jobs Lane, Bridgehampton, N.Y;

      123 Baxter Street, New York N.Y;

      10 St. James Drive, Palm Beach Gardens, FL; and

      601 N. Fairfax Street, Alexandria, VA.

  (C) The co-owner of each property must also execute an agreement to forfeit the property upon defendant's failure to appear.

  (D) Defendant and the co-owners must agree in writing not to transfer or further encumber any of the properties, and to remain current on mortgage and real estate tax payments.

  (E) Pursuant to section 3142(c)(1)(B)(xii), the proposed sureties, Kathleen B. Manafort and Andrea Manafort Shand, must each execute an agreement to serve as a surety and forfeit up to $10,000,000.00 upon defendant's failure to appear.

If defendant fails to appear, all four properties will be forfeited. In the event the amount obtained as a result of forfeiture proceedings does not equal $10,000,000.00, the sureties will be required to forfeit the difference. In order to ensure that assets are available for that purpose, Kathleen B. Manafort must provide bank or investment account records to the Court verifying that she has deposited cash or securities valued at $5,000,000.00 (net of any margin) in a separate account over which she has sole signatory authority, and Andrea Manafort Shand must provide

bank or investment account records to the Court verifying that she has deposited cash or securities valued at $2,000,000.00 (net of any margin) in a separate account over which she has sole signatory authority. Those assets may not be dissipated or transferred pending further order of the Court.

Defendant shall notify the Court once all of the necessary documents have been executed and docketed in this case. At that time, the Court will issue a separate order releasing defendant from the condition of permanent home confinement in Alexandria, Virginia to return directly to his residence in Palm Beach Gardens, Florida. He must provide the D.C. Pretrial Services Agency with his precise itinerary and travel arrangements at least one business day before he departs, and he will be further ordered to comply with the following conditions, to be monitored by the Pretrial Services Agency of the Southern District of Florida, thereafter:

1. Defendant must reside at 10 St. James Drive in Palm Beach Gardens, Florida.

2. Defendant must abide by a curfew of 11:00 p.m. until 7:00 a.m.

3. Defendant must remain within the geographic area of Palm Beach County and Broward County in the Southern District of Florida.

4. Defendant may travel to and from the District of Columbia for court appearances and for meetings with counsel without seeking permission in advance from the Court, provided that he informs Pretrial Services of the dates of such travel and supplies the agency with his detailed itinerary three business days in advance of any trip.

5. Defendant must obtain permission of the Court for any other domestic travel, including travel to the District of Columbia for any other purpose. Any motion seeking permission must be filed one week before the proposed trip and must explain why any proposed meeting cannot take place in Florida or through use of the phone or internet.

6. Defendant may not leave the United States, and he may not apply for any additional passports or visas.

7. Defendant's wife shall surrender any and all current passports to the Pretrial Services Agency.

8. Defendant must stay away from transportation facilities, including airports, train stations, bus stations, and private airports, other than for trips described in paragraphs 4 and 5.

9. Defendant's compliance with these conditions will be subject to electronic GPS monitoring.

10. Defendant must report in person once a week to Supervisor Randall Frimet of the Pretrial Services Agency of the Southern District of Florida, or his designee, at 501 S. Flagler Drive, # 400, West Palm Beach, Florida 33401.

**SO ORDERED**.

*/s/ Amy B Jackson*

AMY BERMAN JACKSON
United States District Judge

DATE:  December 15, 2017